Cheshire, }
Dec., 1897. }

### WELLINGTON, *Ex'r*, v. DRUMMER & a.

Under a will giving to the testator's grandson and granddaughter each the income of a sum of money for life, and in case of the death of either of them to their children, "unless they leave a widow, in which case she shall hold the same while she remains a widow," the surviving husband of the deceased granddaughter is not entitled to the income.

BILL IN EQUITY, by an executor, for instruction. The will, eliminating words immaterial to the question, is as follows: I give to my two grandchildren, Mary A. Stearns and Linn E. Drummer, the income of $2,000 each for life. "In case of the death of either of them the same income is to go to their children, unless they leave a widow, in which case she shall hold

the same while she remains his widow, but if they leave no widow or children, the remaining grandchild is to have the income of the whole principal, and at the decease of both grandchildren, the whole principal is to go to the great-grandchildren equally."

Mary died after the testator, leaving no children, but a husband, who claims her portion of the income. Linn is living without wife or children, and claims the income of the whole principal.

*Leonard Wellington*, for the plaintiff.

*Charles H. Hersey*, for Linn E. Drummer.

*Batchelder & Faulkner*, for Frank F. Stearns.

WALLACE, J. We have no evidence of the testator's intention except the words of his will. Notwithstanding modern legislation respecting the relations of husband and wife, the husband is still bound by law to support his wife. This obligation is universally understood, even by the ignorant. The testator understood it. This fact is to be kept in mind in construing his will. Inartificial and ungrammatical as his language is, it expresses his purpose that the widow, and the widow only, of one of his grandchildren take the income " while she remains a widow." In the language itself there is nothing indicating that he intended the widower to take. Any inference that such was his intention must rest upon pure speculation, because there was no reason for making such provision for the widower. There was the best of reasons for providing for the widow. So long as Linn lived, the support of his wife, if he had one, would (as the testator understood) be provided for by him. At his death she would be left without that means of support. But if she remarried she would be again provided for. Hence the provision that she should take the income while she remained a widow and no longer. She takes the income while she has no means of support, or, to say the least, while her means are diminished, and no longer. On the other hand, Mary's husband by marrying her took upon him the burden of her support, from which by her death he would be relieved. If he married again, a like burden would be imposed upon him. It is not reasonable to suppose that the testator intended he should take the income at the time when he least needed it, while and only while he remained a widower.

*Case discharged.*

All concurred.